IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 5:16CR50041-001 |
| | ) | |
| JOHNATHAN SANSONETTI | ) | |

## PRELIMINARY ORDER OF FORFEITURE

On August 9, 2016, a Grand Jury sitting in the Western District of Arkansas returned an Indictment against the Defendant, Johnathan Sansonetti, charging him with one count of Conspiracy to Distribute a Mixture or Substance that Contained Methamphetamine, in violation of Title 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, one count of Possession with Intent to Distribute 500 Grams or More of a Mixture or Substance that Contained Methamphetamine, in violation of Title 21 U.S.C. 841(a)(1) and 21 U.S.C. 841(b)(1)(A)(viii), one count of Possession of a Firearm in Furtherance of a Crime of Violence or Drug Trafficking Offense, in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and a forfeiture allegation.

In the forfeiture allegation of the Indictment, the United States seeks forfeiture, pursuant to Title 21 U.S.C. § 853 of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of offenses in violation of 21 U.S.C. §§ 841 & 846.

The forfeiture allegation also put the Defendant on notice that the following specific items may be subject to forfeiture:

1. a Weatherby, model Vanguard, 7mm rifle, serial number VS26072;
2. a Sears Roebuck, model J.C. Higgins, .410 caliber shotgun no serial number;
3. a Ruger, model 10/22 rifle, serial number 125-14128;
4. a Savage Arms Springfield, model 67, 20-gauge shotgun, serial number B349790;
5. a JING, model SPM-410, .410 shotgun, serial number 9003505;
6. a American Gun, 28-gauge shotgun, serial number 7273;
7. a Revelation, model 356Y, 20-gauge shotgun, with no serial number;
8. a New England Firearms, model pardner-SB1, .410 shotgun, serial number NK45915;
9. a Thompson, .54 caliber muzzle loader, serial number 213256;
10. a Colt, model AR-15 SP1, .223 caliber rifle, serial number 157967; and
11. a Colt, model King Cobra, .357 revolver, serial number 5304CK.

On October 31, 2016, the United States filed a Bill of Particulars (Doc. 20), giving the defendant notice that the following specific items of property seized from the Defendant on July 26, 2016, may also be subject to forfeiture:

1. a 1987 AM General Humvee M998; VIN: 034563
2. a 2000 Lincoln Town Car; VIN: 1LNHM82W9YY899909
3. a 2015 P.J. trailer C5202; VIN: 3CVC52026F2530837
4. $2,037.00 U.S. Currency; and
5. $38,000.00 U.S. Currency.

On _____, 2016, the Defendant pleaded guilty to Count Two of the Indictment. In Paragraph One of the Plea Agreement, the Defendant agreed "to plead guilty to the forfeiture allegations in the Indictment as well as the addendum." Pursuant to the Plea Agreement, the Defendant agreed to forfeit all rights, title and interest to the asset(s) listed in the Indictment and Bill of Particulars. All property covered by the Indictment and Bill of Particulars is subject to forfeiture as property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

Accordingly, it is hereby ORDERED, DECREED AND ADJUDGED:

1. That based upon the guilty plea of the Defendant, the following assets shall be forfeited to the United States:

   a. a Weatherby, model Vanguard, 7mm rifle, serial number VS26072;

   b. a Sears Roebuck, model J.C. Higgins, .410 caliber shotgun no serial number;

   c. a Ruger, model 10/22 rifle, serial number 125-14128;

   d. a Savage Arms Springfield, model 67, 20-gauge shotgun, serial number B349790;

   e. a JING, model SPM-410, .410 shotgun, serial number 9003505;

   f. a American Gun, 28-gauge shotgun, serial number 7273;

   g. a Revelation, model 356Y, 20-gauge shotgun, with no serial number;

   h. a New England Firearms, model pardner-SB1, .410 shotgun, serial number NK45915;

   i. a Thompson, .54 caliber muzzle loader, serial number 213256;

   j. a Colt, model AR-15 SP1, .223 caliber rifle, serial number 157967;

   k. a Colt, model King Cobra, .357 revolver, serial number 5304CK;

   l. a 1987 AM General Humvee M998; VIN: 034563

  m. a 2000 Lincoln Town Car; VIN: 1LNHM82W9YY899909

  n. a 2015 P.J. trailer C5202; VIN: 3CVC52026F2530837

  o. $2,037.00 U.S. Currency; and

  p. $38,000.00 U.S. Currency,

as property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

  2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this Order, the United States is authorized to seize any specific property that is subject to forfeiture as set forth herein in this Order, to conduct any discovery the Court considers proper in identifying, locating or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.

  3. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

  4. The United States shall publish notice of this Order pursuant to Fed. R. Crim. P. 32.2(b)(6).

  5. That upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(c), in which all interests will be addressed.

IT IS SO ORDERED this 6th day of January, 2017.

_____
HONORABLE TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

Page 4 of 5

Reviewed and consented to by:

_____
Johnathan Sansonetti, Defendant

_____
Sammi Wilmoth, Counsel for Defendant

_____
Kimberly Davis Harris, Assistant U.S. Attorney