IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                      CASE NO. 5:16-CR-50041-001

JOHNATHAN SANSONETTI                                        DEFENDANT

## ORDER

Now before the Court is the Report and Recommendation ("R&R") (Doc. 69) of United States Magistrate Judge Mark E. Ford filed on February 13, 2019, regarding Defendant Johnathan Sansonetti's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 and Motion to Vacate, Set Aside, or Reduce Sentence (Doc. 60). Defendant filed a Response to Set Aside the R&R (Doc. 71), which the Court has construed as his objections to the Magistrate Judge's findings. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the findings and recommendations to which Defendant has lodged specific objections. After review, the Court finds that the objections offer neither law nor fact requiring departure from the Magistrate Judge's findings. Accordingly, the R&R (Doc. 69) is **ADOPTED IN ITS ENTIRETY**, and Defendant's § 2255 Petition and Motion to Vacate (Doc. 60) is **DENIED**.

The R&R is detailed in its analysis and correct in its conclusion that Defendant's claims are wholly unsupported by the record in this case. Defendant's objections to the Magistrate Judge's R&R provide no valid basis for rejecting any of the Magistrate Judge's findings. Indeed, Defendant's Response supplies no new facts or legal reasoning he has not already stated in his § 2255 petition.

1

For example, Defendant restates his argument that his counsel failed to adequately investigate his claims and file a motion to dismiss. He fails to explain, however, why the Magistrate Judge's analysis of the law and review of the facts were incorrect. Defendant simply disagrees with the Magistrate Judge's conclusion and insists that his counsel erred. Defendant has offered no facts or law that demonstrate that those findings should be set aside beyond mere conclusory statements to the effect that Defendant was unaware of the quantity of meth he could be held accountable for or that his attorney failed to meet the constitutional standards for effective assistance of counsel.[1] He does not object to the Magistrate Judge's finding that his guilty plea was knowing and voluntary, and the law is clear that a knowing and voluntary plea waives all non-jurisdictional defenses, including an attorney's failure to investigate all of the defendant's possible defenses to the charges or an attorney's refusal to file a motion to dismiss the indictment. *See Tucker v. United States*, 470 F.2d 220, 222 (8th Cir. 1972) (per curiam) ("The plea of guilty having been voluntarily and understandingly made is

---

[1] Defendant spends a good portion of his objections pointing out what he sees as a serious "irregularity" in the proceedings, namely, that he seems to have been arrested twice for the same crime. This argument is frivolous and obviously the result of the Defendant's misunderstanding. A criminal complaint (Doc. 1) was filed on July 27, 2016, alleging that on the previous day, Defendant had been found in possession of approximately half a kilogram of methamphetamine with intent to distribute. That same day, Defendant was arrested on the complaint and placed in federal custody. Defendant was arraigned on July 29, 2016, at which time he was represented by counsel, and a waiver of the issues of probable cause and detention was entered. Detention was recommended and Defendant remained in custody. Defendant was then named in a three-count Indictment (Doc. 7) on August 9, 2016, and on August 10, 2016, Defendant was then "arrested" on the Indictment. Separate arrest warrants issue for a criminal complaint and an indictment whether or not a Defendant is still in custody following the first arrest. Therefore, the Magistrate Judge was correct in his recitation of facts, and Defendant's argument that the Magistrate Judge did not properly review the record is without merit.

2

conclusive on the issue of guilt and waives all non-jurisdictional defects in the proceedings against petitioner.").

For the reasons stated above, **IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. 69) of the Magistrate Judge is **ADOPTED IN ITS ENTIRETY**. Defendant Johnathan Sansonetti's § 2255 Petition and Motion to Vacate (Doc. 60) is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. Further, should the Defendant request a certificate of appealability, it will be denied for the reasons stated in the R&R.

**IT IS SO ORDERED** on this 23rd day of April, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE